UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LA BARR, <br><br> Plaintiff, <br><br> v. <br><br> CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1/] <br><br> Defendant. | Case No. CV 12-7300 JCG <br><br> **MEMORANDUM OPINION AND ORDER** |

Kenneth La Barr ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Specifically, Plaintiff contends that the Administrative Law Judge ("ALJ") improperly rejected the opinions of his treating physician, Dr. Jana Hanson. (Joint Stip. at 4-13, 20-21.) The Court agrees with Plaintiff for the reasons stated below.

    A.    <u>An ALJ Must Provide Specific and Legitimate Reasons to Reject the Contradicted Opinion of a Treating Physician</u>

"As a general rule, more weight should be given to the opinion of a treating

---

[1/] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

source than to the opinion of doctors who do not treat the claimant." *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *accord Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1036 (9th Cir. 2003).  This is so because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987).

Where the "treating doctor's opinion is contradicted by another doctor, the [ALJ] may not reject this opinion without providing specific and legitimate reasons supported by substantial evidence in the record[.]" *Lester*, 81 F.3d at 830 (internal quotation marks and citation omitted).  The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal quotation marks and citation omitted).

      B.      <u>The ALJ Failed to Provide Specific and Legitimate Reasons for Rejecting Dr. Hanson's Treating Opinion</u>

Here, the ALJ provided two reasons for rejecting Dr. Hanson's treating opinion.[2/] (*See* AR at 24-25.)  The Court addresses – and rejects – both below.

First, the ALJ determined that Dr. Hanson's opinions were inconsistent with Plaintiff's daily activities, including "rid[ing] a bike for three miles, cook[ing] and clean[ing] for himself, and tak[ing] care of his parent['s] yard." (AR at 23-24.)  But these activities are not so physically or mentally demanding that any inconsistencies with Dr. Hanson's opinion are apparent.  At minimum, to satisfy the specific and

---

[2/] In passing, the ALJ also noted that the consultative examiner opined that Plaintiff's "depression was probably related to his getting off alcohol." (AR at 24.)  It is unclear, however, what part this statement plays in the ALJ's credibility determination.  And, in any event, the ALJ appears to have misstated the consultative examiner, who, in fact, tied Plaintiff's mental impairments to both his sobriety *and* bodily pain.  (AR at 217.)

1 legitimate standard, the ALJ should have offered some sort of explanation as to why
2 such evidence is truly inconsistent. *See Magallanes*, 881 F.2d at 751. Absent such a
3 showing, this reason does not pass muster.

4       Second, the ALJ found that the severity of symptoms alleged by Dr. Hanson
5 was undermined by his own treatment records. (AR at 24.) In support, the ALJ
6 observed that Dr. Hanson never referred Plaintiff to any specialists, and that the
7 medications prescribed by him were effective.

8       But with respect to any referrals, Dr. Hanson *did* recommend on October 13,
9 2008 that Plaintiff seek further treatment from county mental health agencies. (AR
10 at 313.)

11       And as for Plaintiff's medications, the ALJ's conclusion regarding their
12 efficacy is peculiar, as Dr. Hanson's most recent medical records indicate *increasing*
13 back pain and depression. (AR at 307-08.) True, on one occasion, Plaintiff failed to
14 take his medication and thus experienced greater depression.[3] (AR at 311.) But that
15 does not mean, as the ALJ suggests, that Plaintiff's depression persisted simply
16 because he missed some doses. (*See* AR at 24.) Indeed, at least one record, dated
17 June 24, 2010, shows that Plaintiff's depression remained despite his prescription for
18 Prozac, and despite having already tried four other antidepressants. (AR at 309.)
19 Without greater details, the Court cannot find any inconsistencies between Dr.
20 Hanson's opinion and his records.

21       Accordingly, for the reasons stated above, the Court determines that the ALJ
22 improperly discredited Dr. Hanson's treating opinion. The Court thus determines
23 that the ALJ's decision is not supported by substantial evidence. *Mayes v.*
24 *Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).
25 \ \ \
26

---

27   [3] Curiously, the ALJ cites no evidence documenting any medication-based
28 improvement in Plaintiff's back pain. (*See* AR at 24.)

3

C. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, in light of the ALJ's error, the credibility of Dr. Hanson must be properly assessed. Therefore, on remand, the ALJ shall reevaluate his opinions and either credit them as true, or provide valid reasons for any portion that is rejected.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.[4/]

Dated: May 29, 2013

_____
Hon. Jay C. Gandhi
United States Magistrate Judge

---

[4/] In light of the Court's remand instructions, it is unnecessary to address Plaintiff's remaining contentions. (*See* Joint Stip. at 21-28, 32-41, 44-45.)

4